UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDULLAH ROBERT BROWN,<br>Petitioner,<br>v.<br>LINDA SANDERS, Warden,<br>Respondent. | NO. CV 11-9649-JST (AGR)<br><br>ORDER TO SHOW CAUSE |

On November 21, 2011, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241. For the reasons discussed below, it appears the court lacks jurisdiction to entertain the petition.

The court, therefore, orders Petitioner to show cause, on or before ***December 28, 2011***, why this court should not recommend dismissal without prejudice based on lack of jurisdiction.

**I.**

**SUMMARY OF PROCEEDINGS**

Petitioner is incarcerated at the Federal Correctional Institution in Lompoc,

California. On November 16, 1999, Petitioner pled guilty to two counts of conspiracy to commit murder. *See United States v. Feliz*, Case No. 97-CR-1105-HB (S.D.N.Y.) ("*Brown I*"),[1] Dkt. No. 40; *U.S. v. Feliz*, 5 Fed. Appx. 87 (2d Cir. 2001); (Petition at 2).[2] On April 3, 2000, Petitioner was sentenced to 240 months in prison. *Brown I*, Dkt. No. 55; (Petition at 1). On March 16, 2001, the Second Circuit affirmed the conviction. *Feliz*, 5 Fed. Appx. 87.

On November 21, 2002, Petitioner filed a motion to vacate the judgment pursuant to 28 U.S.C. § 2255. *Brown v. United States*, Case No. 02-CV-9305-HB (S.D.N.Y.) ("*Brown II*"), Dkt. No. 1. On August 29, 2003, the court dismissed the motion. *Id.*, Dkt. No. 2. On February 15, 2005, the court denied Petitioner's Rule 60(b) motion. *Id.*, Dkt. No. 4. On August 5, 2005, Petitioner filed another § 2255 motion. *Brown v. Williamson*, Case No. 05-6963-MBM (S.D.N.Y.) ("*Brown III*"), Dkt. No. 1. On the same day, the district court transferred the case to the Second Circuit. *Id.*, Dkt. No. 2. On December 16, 2005, the Second Circuit remanded the matter to the district court with instructions to construe the motion as a claim for relief under *Bivens v. Six Unknown Fed. Narcotic Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). *Id.*, Dkt. No. 3.

On April 28, 2008, Petitioner filed another § 2255 motion. *Brown v. United States*, Case No. 08-CV-3949-KMW (S.D.N.Y.) ("*Brown IV*"). On the same day, the district court transferred the case to the Second Circuit. *Id.*, Dkt. No. 2. On July 3, 2008, the Second Circuit denied Petitioner's application to file a second or successive petition as untimely. *Id.*, Dkt. No. 3. On January 12, 2009, Petitioner filed another § 2255 motion. *Brown I*. On the same day, the district court terminated the motion. *Id.*

---

[1] *See Headwaters Inc. v. United States Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (taking judicial notice of docket in another case).

[2] In all of the matters in the Southern District of New York and in the Second Circuit, Petitioner was known as Robert Brown, not Abdullah Robert Brown, as he is here.

2

On November 9, 2009, Petitioner filed a Rule 60(b) motion. *Brown I*, Dkt. No. 143. On December 21, 2009, the court denied a Rule 60(b) motion filed by Petitioner. *Brown II*, Dkt. No. 5. On March 10, 2010, Petitioner filed a notice of appeal. *Id.*, Dkt. No. 10.

On April 15, 2011, the Second Circuit denied Petitioner's motion for a "clarification judgment of commitment to reflect the defendant's true birth name"[3] and dismissed the appeal because it "lack[ed] an arguable basis in law or fact." *Brown*, Case No. 10-336, Dkt. No. 62.

On November 21, 2011, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 in this court.

## II.

## DISCUSSION

"[T]o determine whether jurisdiction is proper, a [federal] court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). A § 2255 motion must be filed in the sentencing court. 28 U.S.C. § 2255 (a prisoner may "move the court which imposed the sentence to vacate, set aside or correct the sentence"). On the other hand, a § 2241 petition must be filed in the district in which the prisoner is in custody. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973). A federal prisoner may not substitute a § 2241 petition for a § 2255 motion. *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999) ("The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255"); *see also Porter v. Adams*, 244 F.3d 1006, 1007

---

[3] In Petitioner's motion before the Second Circuit, he asked the court to change "the subject matter jurisdiction record on the judgment of commitment from AKA Robert Brown to Robert Allen Lilienthal." *United States v. Brown*, Case No. 10-336 (2d Cir.), Dkt. No. 32.

3

(9th Cir. 2001) ("Merely labeling a section 2255 motion as a section 2241 petition does not overcome the bar against successive section 2255 motions").

"[M]otions to contest the legality of a sentence must be filed under § 2255." *Hernandez*, 204 F.3d at 864. However, § 2255's "savings clause" permits the filing of a § 2241 petition to challenge a conviction or sentence in limited circumstances:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Because Petitioner has already made a § 2255 motion that was denied, this court has jurisdiction only if Petitioner's "remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255*; see Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999); *see also Hernandez*, 204 F.3d at 864-65; *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006).

The savings clause is available to a prisoner "who is 'actually innocent' of the crime of conviction, but who never has had 'an unobstructed procedural shot' at presenting a claim of innocence." *Lorentsen v. Hood*, 223 F.3d 950, 953-54 (9th Cir. 2000); *see also Stephens*, 464 F.3d at 898 ("we have held that a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim").

"To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604,

4

140 L. Ed. 2d 828 (1998) (citation and quotation marks omitted). "Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that 'no reasonable juror' would have convicted him [citation omitted]. . . . [T]he parties are not limited to the existing trial record; the issue is 'factual innocence, not mere legal insufficiency.'" *Lorentsen*, 223 F.3d at 954 (quoting *Bousley*, 523 U.S. at 623).

"In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask . . . (1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008).

Petitioner argues the district court could not accept a guilty plea without an indictment by a grand jury. (Petition at 2.) He contends the statute of limitations expired. (*Id.*) He claims the prosecutor "misled the Grand jury by bringing evidence before the Grand jury that was time barred." (*Id.* at 7.) He argues that the prosecutor committed misconduct at the plea hearing of November 16, 1999, by lying to defense counsel about the alleged time bar. (*Id.* at 4-5.) Petitioner requests that the indictment be dismissed and his conviction reversed. (*Id.* at 5.)

Petitioner does not contend he is factually innocent. Nor does he contend he did not have a procedural shot to present a claim of actual innocence.

### III.

### ORDER

IT IS THEREFORE ORDERED that, on or before **December 28, 2011**, Petitioner shall show cause, if there be any, why this court should not recommend dismissal without prejudice for lack of jurisdiction. Petitioner's response must address both prongs of the savings clause.

5

**If Petitioner fails to timely respond to this order to show cause, the court will recommend that the petition be dismissed without prejudice based on lack of jurisdiction.**

DATED: November 29, 2011

_____
ALICIA G. ROSENBERG
United States Magistrate Judge